

**FILED**

**APRIL 15, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**RECEIVED**

APR - 2 2008  aew
APR -2 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

United States of America ex rel.                )
                                                )
_Cantrell Plummer B-14235_                       )
(Full name and prison number)                   )
(Include name under which convicted)            )
                                                )
PETITIONER                                       )
                                                )
            vs.                                  )
                                                )
_Donald A. Hulick_                               )
(Warden, Superintendent, or authorized          )
person having custody of petitioner)            )
                                                )
RESPONDENT, and                                  )
                                                )
**(Fill in the following blank only if judgment  )
attacked imposes a sentence to commence          )
in the future)**                                 )
                                                )
ATTORNEY GENERAL OF THE STATE OF                 )
                                                )
_____                  )
(State where judgment entered)                   )

**08CV1885**
**JUDGE LEFKOW**
**MAG. JUDGE BROWN**

Case Number of State Court Conviction:

_99 CR 22149_

### PETITION FOR WRIT OF HABEAS CORPUS – PERSON IN STATE CUSTODY

1.  Name and location of court where conviction entered: _Circuit Court of Cook_
_County, Illinois ; 2650 S. California Ave., Chicago, IL 60608_

2.  Date of judgment of conviction: _12/8/00 – Sentenced: 3/14/01_

3.  Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)
_First Degree Murder    IR # 0896909    SID # 028372490_

4.  Sentence(s) imposed: _40 yrs._

5.  What was your plea? (Check one)    (A) Not guilty    ( ✓ )
                                       (B) Guilty        (   )
                                       (C) Nolo contendere ( )

If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:

_____ _N/A_ _____

Revised: 7/20/05

## PART I – TRIAL AND DIRECT REVIEW

1. Kind of trial: (Check one):     Jury ( )        Judge only (✓)

2. Did you testify at trial?     YES (✓)        NO     ( )

3. Did you appeal from the conviction or the sentence imposed? YES (✓) NO ( )

   (A) If you appealed, give the

   (1) Name of court:  _1st Dist. Appellate Court of Illinois_

   (2) Result:  _Affirmed Conviction_

   (3) Date of ruling:  _8 / 31 / 04_

   (4) Issues raised:  _(1) Murder prerequisite "intent" not proven beyond_
   _Reasonable doubt;_

   (B) If you did not appeal, explain briefly why not:  _N/A_

4. Did you appeal, or seek leave to appeal, to the highest state court?  YES (✓)     NO ( )

   (A) If yes, give the

   (1) Result:  _PLA Denied_

   (2) Date of ruling:  _10/6/04_

   (3) Issues raised:  _(1) Murder prerequisite "intent" not_
   _proven beyond a reasonable doubt;_

   (B) If no, why not:  _N/A_

5. Did you petition the United States Supreme Court for a writ of *certiorari*?  Yes ( )  No (✓)

   If yes, give (A) date of petition: _N/A_  (B) date *certiorari* was denied:  _N/A_

2                                                    Revised: 7/20/05

## PART II – COLLATERAL PROCEEDINGS

1.  With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

    YES ( ✓ )  NO ( )

    With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

    A. Name of court: _Circuit Court of Cook County, Illinois_

    B. Date of filing: _3/9/05 – Received & marked filed 3/16/05_

    C. Issues raised: _(1) Ineffective assistance of trial counsel; (2) procedurally ineffective appellate counsel on direct appeal; (3) confession/statement obtained through false pretense; (4) sentencing under statute not in effect._

    D. Did you receive an evidentiary hearing on your petition?    YES ( )  NO ( ✓ )

    E. What was the court's ruling? _Dismissed As Frivolous_

    F. Date of court's ruling: _3/30/05_

    G. Did you appeal from the ruling on your petition?    YES ( ✓ )  NO ( )

    H. (a)  If yes, (1) what was the result? _Affirmed judgement of Circuit Court_

    (2) date of decision: _3/16/07_

    (b)  If no, explain briefly why not: _N/A_

    I. Did you appeal, or seek leave to appeal this decision to the highest state court?

    YES ( ✓ )  NO ( )

    (a)  If yes, (1) what was the result? _PLA Denied_

    (2) date of decision: _9/26/07_

    (b)  If no, explain briefly why not: _N/A_

Revised: 7/20/05

2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?    YES ( )        NO (✓)

    A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

        1.    Nature of proceeding    _____

        2.    Date petition filed    _____

        3.    Ruling on the petition    _____

        4.    Date of ruling    _____        *N/A*

        5.    If you appealed, what was the ruling on appeal?    _____

        6.    Date of ruling on appeal    _____

        7.    If there was a further appeal, what was the ruling ?    _____

        8.    Date of ruling on appeal    _____

3.    With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court**?    YES ( )    NO (✓)

    A. If yes, give name of court, case title and case number: ____ *N/A* _____

_____

    B. Did the court rule on your petition? If so, state

        (1) Ruling: _____ *N/A* _____

        (2) Date: _____ *N/A* _____

4.    With respect to this conviction or sentence, are there legal proceedings pending in any court, other than this petition?    YES ( )        NO (✓)

    If yes, explain: ____ *N/A* _____

_____

_____

_____

_____

_____

Revised: 7/20/05

## PART III – PETITIONER'S CLAIMS

1.  State briefly every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. You may attach additional pages stating additional grounds and supporting facts. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

(A)  Ground one   Ineffective assistance of trial counsel violated peti-
Supporting facts (tell your story briefly without citing cases or law):

tioner's right to due process and a fair and fundamental trial, and established "cause" for state law forfitures and defaults under the 14th and 6th amendments of the U.S. Constitution, when trial counsel failed to object to, or preserve for appeal, the following unconsti- tutional state actions and rulings: (a) first degree murder prerequisite of "intent" not being proven beyond a reasonable doubt; (b) the con- fession/statement obtained by the state was acquired through false pretense and/or bribery; (c) allowing the petitioner to be sentenced under a statute not in effect when the alleged offense occurred.

(B)  Ground two   Procedurally ineffective assistance of appellate counsel
Supporting facts:

on direct appeal violated petitioner's right to due process and estab- lished "cause" for state law forfitures and defaults under the 14th amendment of the U.S.Constitution, when appellate counsel failed to present to the Illinois Appellate/Supreme Court the following unconsti- tutional state actions and rulings: (a) ineffective assistance of trial counsel (as addressed in Ground #1); (b) the confession/statement obtained by the state was acquired through false pretense and/or bribery,(as addressed in Grounds #1 and #4); (c) allowing petitioner to be sentenced under a statute not in effect when the alleged offense occurred (as addressed in Grounds #1 and #5).

Revised: 7/20/05

(C) Ground three   The court exceeded the limit of its jurisdiction,
Supporting facts:

either as to the matter, place, sum or person when it entered a

judgement against the petitioner on first degree murder, without the

prerequisite "intent" being proven beyond a reasonable doubt, thereby

violating the petitioner's right to due process and a fair and fundamtal

trial under the 14th and 6th amendments of the U.S. Constitution.

(D) Ground four   Petitioner's confession/statement was obtained through
Supporting facts:

false pretense or bribery, making the process defective in a substantial

form as required by law, thereby violating the petitioner's right to

due process and a fair and fundamental trial under the 14th and 6th

amendments of the U.S. Constitution.

2.   Have all grounds raised in this petition been presented to the highest court having jurisdiction?

   YES (✓) NO ( )

3.   If you answered **"NO"** to question (2), state <u>briefly</u> what grounds were not so presented and why not:

   N/A

Revised: 7/20/05

(E) <u>Ground five supporting facts:</u> The jurisdictional defect caused by subjecting the petitioner to a sentencing statute not in effect when the alleged offense occurred rendered the entire instrument invalid and warrants reversal of conviction, thereby violating the petitioner's right to due process and a fair and fundamental trial under the 14th and 6th amendments of the U.S. Constitution.

## PART IV – REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing _____ unknown _____

(B) At arraignment and plea _____ unknown _____

(C) At trial _____ unknown _____

(D) At sentencing _____ unknown _____

(E) On appeal _Shaena Fazal - Office of State Appellate Defender, 1st District_

(F) In any post-conviction proceeding _Kari Firebaugh - " " " "_

(G) Other (state): _____ N/A _____

## PART V – FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES ( )   NO ( ✓ )

Name and location of the court which imposed the sentence: _____ N/A _____

Date and length of sentence to be served in the future _____ N/A _____

    WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: **3-15-08**
_____ (Date) _____

_____ N/A _____
Signature of attorney (if any)

**I declare under penalty of perjury that the foregoing is true and correct.**

_Contrell Plummer_
(Signature of petitioner)

_B-14285_
(I.D. Number)

_P.O. Box 711_
(Address)
_Menard, IL 62259-0711_

Revised: 7/20/05

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Contrell Plummer,<br>Petitioner, | )<br>)<br>) | |
| | ) | U.S. District Court |
| -vs- | )<br>) | for the Northern District<br>of Illinois |
| Donald A. Hulick, | ) | Case No. _____ |
| Chief Administrative Officer, | ) | |
| Menard Correctional Center, | ) | Criminal Docket |
| Respondent. | ) | Case No. 99 CR 22149 |
| _____ | )<br>) | |
| The Attorney General | ) | |
| of the State of Illinois | ) | |

MEMORANDUM OF LAW
IN SUPPORT OF PRO SE PETITION
FOR RELIEF FROM STATE CONVICTION

Contrell Plummer
Reg. No. B-14235
P.O. Box 711
Menard, IL 62259-0711

Pro Se Counsel for Petitioner

## JURISDICTIONAL STATEMENT

Petitioner, Contrell Plummer, herein files this petition for a writ of habeas corpus by a person in state custody. The district court's jurisdiction is conferred by Habeas Corpus Actions 28 U.S.C.A. 2254 et seq., and requirements of 2241(c) and 2244(b)(2)(B)(ii). The constitutional provisions conferring jurisdiction are the 14th and 6th amendments of the U.S. Constitution. Pursuant to the statutory and constitutional provisions so stated, petitioner avers as follows:

1. Petitioner is being held in state custody in violation of the U.S. Constitution.
2. Petitioner is in state custody by virtue of unconstitutional state and federal actions and rulings.
3. Petitioner has exhausted his state court remedies on the issues presented herein.
4. The factual predicate for all of petitioner's claims is presented through the exercise of due diligence, and the facts, if proven, and viewed in the light of the evidence as a whole, are sufficient to establish through clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the underlying crime, had there been no constitutional error.

## DE NOVO REVIEW REQUESTED

The decisions of the Illinois appeal courts are contrary to clearly established federal law and U.S. Supreme Court law as defined by 28 U.S.C.A. 2254(d)(1), and are in conflict with the spirit and the letter of the U.S. Constitution. The appeal courts responded to petitioner's constitutional violations by various direct appeal and collateral appeal reasoning as follows:

(a) Since appointed appellate counsel on direct appeal had not argued ineffective assistance of counsel, and since petitioner's pro se collateral appeal did not effectively satisfy the two-prong requirements of Strickland v. Washington, 466 U.S. 668, all of petitioner's issues were waived with the singular exception of the "proof beyond a reasonable doubt" issue raised by said appellate counsel on direct appeal.

(b) Such judicial reasoning defies the U.S. Supreme Court and federal court rulings of <u>Massaro v. U.S.</u>, 123 SCt. 1690 (2003) and <u>In re Merriam</u>, 250 BR 724 (2000) which, respectively have ruled that "...there is no procedural default for failure to raise an ineffective assistance claim on direct appeal." Id. 1693; and pro se pleadings, or pleadings prepared by a lay person without counsel, are to be interpreted more liberally than those prepared by counsel.

(c) Petitioner's appeals were either dismissed summarily or dismissed as frivilous and without merit.

Petitioner contends he is entitled to a "de novo review" under the authority of <u>Doe v. U.S.</u>, 821 F.2d 694 -- Admin. Law 744.1; Records 34. See also <u>Nants v. F.D.I.C.</u>, 864 F.Supp. 1211 (1994). Petitioner moves this Honorable Court to determine the issues herein with a fresh and independent determination of the matter at stake, with the court's inquiry not limited to, or constricted by, administrative record nor any deference due, or presumption of validity applied to the prior decisions of the Illinois review courts.


## NATURE OF THE CASE

Contrell Plummer was convicted of first degree murder after a bench trial and was sentenced to 40 years in prison.

An issue is raised challenging the sentencing instrument.

ISSUES PRESENTED FOR REVIEW

I.

Did ineffective assistance of trial counsel violate peti-
tioner's right to due process and a fair and fundamental trial,
and establish "cause" for state law forfitures and defaults?

II.

Did procedurally ineffective assistance of appellate counsel
on direct appeal violate petitioner's right to due process and
a fair and fundamental trial, and establish "cause" for state
law forfitures and defaults?

III.

Did the court exceed the limit of its jurisdiction, either
as to the matter, place, sum or person when it entered a judge-
ment against the petitioner on first degree murder, without
the prerequisite "intent" being proved beyond a reasonable doubt?

IV.

Did confession obtained through false pretense or bribery
make the process defective in a substantial form as required
by law?

V.

Did the jurisdictional defect caused by subjecting the
petitioner to a sentencing statute not in effect when the alleged
offense occurred render the entire instrument invalid and warrant
reversal of conviction for offense?

POINTS AND AUTHORITIES

I.

INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL VIOLATED PETITIONER'S
RIGHT TO DUE PROCESS AND A FAIR AND FUNDAMENTAL TRIAL, AND ESTAB-
LISHED "CAUSE" FOR STATE LAW FORFITURES AND DEFAULTS UNDER THE
14TH AND 6TH AMENDMENTS OF THE U.S. CONSTITUTION.

Johnson v. Zerbst
    303 U.S. 458                                                1

Gideon v. Wainwright
    372 U.S. 335                                                1

Strickland v. Washington
    466 U.S. 668                                                1

U.S. v. Hicks
    748 F.2d 854                                                2

U.S. v. Fountain
    101 SCt. 2335                                               2

Malloy v. Hogan
    378 U.S. 1                                                  2

U.S. v. Golden
    934 F.2d 1413                                               2

Daniel v. Thigpen
    742 F.Supp. 1535                                            3

II.

PROCEDURALLY INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL ON
DIRECT APPEAL VIOLATED PETITIONER'S RIGHT TO DUE PROCESS AND
ESTABLISHED "CAUSE" FOR STATE LAW FORFITURES AND DEFAULTS UNDER
THE 14TH AMENDMENT OF THE U.S. CONSTITUTION.

Evitts v. Lucey
469 U.S. 387                                                    4

Tapiau v. Tansey
     926 F.2d 1554                                             4

Matire v. Wainwright
     811 F.2d 1430                                             4

Banks v. Reynolds
     54 F.3d 1508                                              5

Martin v. Evans
     384 F.3d 848                                              5

## III.

THE COURT EXCEEDED THE LIMIT OF ITS JURISDICTION, EITHER AS
TO THE MATTER, PLACE, SUM OR PERSON WHEN IT ENTERED A JUDGEMENT
AGAINST THE PETITIONER ON FIRST DEGREE MURDER, WITHOUT THE PRE-
REQUISITE "INTENT" BEING PROVEN BEYOND A REASONABLE DOUBT,
THEREBY VIOLATING THE PETITIONER'S RIGHT TO DUE PROCESS AND
A FAIR AND FUNDAMENTAL TRIAL UNDER THE 14TH AND 6TH AMENDMENTS
OF THE U.S. CONSTITUTION.

Jones v. U.S.
     526 U.S. 227                                             6

U.S. v. Moore
     958 F.2d 646                                             7

Schreiber v. Kellog
     838 F.Supp. 998                                          8

Trueblood v. U.S.
     450 U.S. 999                                             8

Cunningham v. Stegal
     13 Fed. App. 286                                         8

U.S. v. Grinnell Corp.
     384 U.S. 563                                             8

IV.

PETITIONER'S CONFESSION WAS OBTAINED THROUGH FALSE PRETENSE
OR BRIBERY, MAKING THE PROCESS DEFECTIVE IN A SUBSTANTIAL FORM
AS REQUIRED BY LAW, THEREBY VIOLATING THE PETITIONER'S RIGHT
TO DUE PROCESS AND A FAIR AND FUNDAMENTAL TRIAL UNDER THE 14TH
AND 6TH AMENDMENTS OF THE U.S. CONSTITUTION.

Mallory v. Hogan
    378 U.S. 1                                          10

Giglio v. U.S.
    92 SCt. 763                                         11

Mooney v. Holohan
    55 SCt. 340                                         11

U.S. v. Perkins
    56 MJ 825                                           11

Banks v. Dretke
    124 SCt. 1256                                       11

Berger v. U.S.
    55 U.S. 629                                         11

Strickler v. Green
    119 SCt. 1936                                       11

Daniel v. Thigpen
    742 F.Supp. 1535                                    11

Moran v. McDaniel
    80 F.3d 1261                                        12

U.S. ex rel. Gill v. Gramley
    16 F.Supp. 2d 924                                   12

Brownstein v. Director, IDOC
    760 F.2d 836                                        12

V.

THE JURISDICTIONAL DEFECT CAUSED BY SUBJECTING THE PETITIONER
TO A SENTENCING STATUTE NOT IN EFFECT WHEN THE ALLEGED OFFENSE
OCCURRED RENDERED THE ENTIRE INSTRUMENT INVALID AND WARRANTS
REVERSAL OF CONVICTION, THEREBY VIOLATING THE PETITIONER'S RIGHT
TO DUE PROCESS AND A FAIR AND FUNDAMENTAL TRIAL UNDER THE 14TH
AND 6TH AMENDMENTS OF THE U.S. CONSTITUTION.

Johnson v. Zerbst
    304 U.S. 458                                  14

Ex Parte Shiebold
    100 U.S. 371                                  14

Boomer v. AT&T Corp
309 F.3d 404                                    14

Ace Auto Body & Towing Ltd. v. City of N.Y.
    171 F.3d 765                                  14

Broad v. Sealaska Corp
    85 F.3d 422                                    14

Hines v. Davidowitz
    312 U.S. 52                                    15

ARGUMENTS

I.

INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL VIOLATED PETITIONER'S
RIGHT TO DUE PROCESS AND A FAIR AND FUNDAMENTAL TRIAL, AND ESTAB-
LISHED "CAUSE" FOR STATE LAW FORFITURES AND DEFAULTS UNDER THE
14TH AND 6TH AMENDMENTS OF THE U.S. CONSTITUTION.

The 6th amendment of the U.S. Constitution guarantees a
right to counsel in every criminal case: <u>Johnson v. Zerbst</u>,
303 U.S. 458 (1938).  The 6th amendment guarantees a fundamental
right which is applicable to state criminal proceedings as a
matter of due process of law under the 14th amendment: <u>Gideon
v. Wainwright</u>, 372 U.S. 335 (1963).  The right to counsel in-
cludes the right to effective representation of counsel: <u>Strick-
land v. Washington</u>, 466 U.S. 668 (1984).

Petitioner's trial counsel was ineffective in that he did
not object to, or preserve on appeal, the following unconsti-
tutional state actions and rulings:

    (a) the first degree murder prerequisite of "intent" not
being proven beyond a reasonable doubt;
    (b) the confession obtained by the state was acquired
through false pretense and/or bribery;
    (c) allowing the petitioner to be sentenced under a statute
not in effect when the alleged offense occurred.

Petitioner will now show that counsel's actions (or lack
thereof) were not supported by a reasonable strategy and that
counsel's errors were prejudicial to the extent they caused
the process to be defective in a substantial form as required
by law.

The trial court, via bench trial, found the petitioner
guilty of first degree murder (R.282).  The court agreed with
the petitioner that he had "no intent" to kill the decedent
(R.212).

Hereafter, counsel's representation becomes substandard and the petitioner is prejudiced accordingly.

Instead of the prerequisite "intent" being proven, counsel allowed the court to pass judgement on the legislative stipulation that petitioner "knew" his act created a strong probability of death (R.282). However, counsel should have argued that the evidence failed to show that the petitioner had such know-ledge and that in its stead he merely acted recklessly and was therefore only guilty of manslaughter. There is no support, therefore, for counsel's strategy when the more reasonable and benefitial strategy should have been reckless behavior. A de-fendant is entitled to any theory of defense for which there is a foundation in the evidence: U.S. v. Hicks, 748 F.2d 854 (1984); U.S. v. Fountain, U.S. 993, 101 SCt. 2335 (1991).

Trial counsel failed to object to petitioner's confession which was obtained through false pretense and/or bribery. (See Exhibit A) Malloy v. Hogan, 378 U.S. 1, 84 SCt. 1489: "(A) statement must be free and voluntary and must not be extracted by any sort of threat ... or obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence.

Trial counsel failed to object or preserve for appeal the jurisdictional defect of petitioner being sentenced under a statute not in effect when the alleged offense occurred; this violated Ex Post Facto prohibitions and disadvantaged petitioner: U.S. v. Golden, 934 F.2d 1413.

-2-

Daniel v. Thigpen, 742 F.Supp. 1535 (1990): This court
holds that ineffective assistance of counsel provides cause
and permits federal habeas corpus review despite failure to
object (emphasis added) ... defendant's counsel did not meet
the standards of reasonably competent counsel and the defendant
was prejudiced thereby.

Petitioner respectfully requests that this Honorable Court
find trial counsel's review to be substandard, respectfully
moves this Court to grant an evidentiary hearing to resolve
the factual issues presented in this argument, and that this
court  grant relief on his conviction and order him discharged
from custody forthwith, or in the alternative order his discharge
from custody if the state does not retry the petitioner within
a reasonable or certain time determined by this court.

## II.

PROCEDURALLY INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL ON
DIRECT APPEAL VIOLATED PETITIONER'S RIGHT TO DUE PROCESS AND
ESTABLISHED "CAUSE" FOR STATE LAW FORFITURES AND DEFAULTS UNDER
THE 14TH AMENDMENT OF THE U.S. CONSTITUTION.

A state defendant enjoys a constitutional right to effect-
ive assistance of counsel on direct appeal: Evitts v. Lucey,
469 U.S. 387 (1985); Tapiau v. Tansey, 926 F.2d 1554 (1991).

The standard of ineffective assistance of counsel is the
same for trial and appellate counsel: Matire v. Wainwright,
811 F.2d 1430 (1987).

"Procedural ineffective assistance of counsel" is addressed
to counsel's failure to preserve properly, on appeal, substantive
errors or claims.  Procedural ineffective assistance looks to
the 6th amendment to avoid consequences of state law forfitures
and waivers.

Petitioner's appellate counsel failed, on direct appeal,
to present to the Illinois Appellate/Supreme Court the following
unconstitutional state actions and rulings, which if viewed
in the light of the evidence as a whole, are sufficient to estab-
lish by clear and convincing evidence that but for constitutional
error, no reasonable (bench trial) fact-finder should have found
the petitioner guilty of the underlying offense:

    (a) ineffective assistance of trial counsel (as addressed
in argument one);
    (b) the confession obtained by the state being acquired
through false pretense and/or bribery (as addressed in arguments
one and four);
    (c) allowing the petitioner to be sentenced under a statute
not in effect when the alleged offense occurred (as addressed
in arguments one and five).

Appellate counsel delivered deficient performance and pre-judiced the petitioner by failing to raise claims that were not frivolous or weak, or amenable to being "winnowed out": Banks v. Reynolds, 54 F.3d 1508 (1995).

The "singular" issue appellate counsel argued was the "proof of guilt beyond a reasonable doubt" argument -- i.e., First District of Illinois, Appellate Court No. 1-01-1140. As argued by counsel, this was obviously a put-together-on-the-spur-of-the-moment argument. Petitioner re-argues this issue in Argument III.

Petitioner contends that on direct appeal there were other issues that were of equal or greater importance than the ones appellate counsel argued. Martin v. Evans, 384 F.3d 848, 851 (7th Cir. 2004): An appellate counsel's performance is deficient if he/she fails to argue an issue that is both obvious and clearly stronger than the issues actually raised. Id., 851.

Petitioner respectfully requests that this Honorable Court find appellate counsel's review to be substandard, respectfully moves this court to grant an evidentiary hearing to resolve the factual issues presented in this argument, and that this court grant relief on his conviction and order him discharged from custody forthwith, or in the alternative order his discharge from custody if the state does not retry the petitioner within a reasonable or certain time determined by this court.

III.

THE COURT EXCEEDED THE LIMIT OF ITS JURISDICTION, EITHER AS
TO THE MATTER, PLACE, SUM OR PERSON WHEN IT ENTEREED A JUDGE-
MENT AGAINST THE PETITIONER ON FIRST DEGREE MURDER, WITHOUT
THE PREREQUISITE "INTENT" BEING PROVEN BEYOND A REASONABLE DOUBT,
THEREBY VIOLATING THE PETITIONER'S RIGHT TO DUE PROCESS AND
A FAIR AND FUNDAMENTAL TRIAL UNDER THE 14TH AND 6TH AMENDMENTS
OF THE U.S. CONSTITUTION.

The bench-trial court judge errored in entering a judgement
against the petitioner because the state failed to produce suf-
ficient evidence to prove petitioner committed the underlying
offense beyond a reasonable doubt, to the extent that intent
or purposeful action was not proven.

Jones v. U.S., 526 U.S. 227, 119 SCt. 1215 (1999): Due
process requires the government to prove a defendant guilty
beyond a reasonable doubt.  Failure to do so raises serious
constitutional questions under the 14th amendment's due process
clause and the 6th amendment's notice of jury trial guarantees.

The trial court found the petitioner guilty of first degree
murder (R.282).  The court found that the petitioner "did not"
have the intent to kill the decedent (R.212).  Instead, the
court relied on Illinois legislation which required only that
the defendant know his act created a strong probability of death,
to find him guilty.

What is at issue in this case is not whether the petitioner
shot at a house, but what his state of mind was.  The evidence
presented in this case only amounts to a finding of recklessness.
The court errored in finding that petitioner's acts were not
reckless but rather purposeful (R.281-82).

The distinguishing factor between first degree murder and manslaughter is the mental state.  For first degree murder the act must have the prerequisite of intent, or be committed with the knowledge that the act created a strong probability of death. For manslaughter; the act need only have been committed in a reckless manner, without being consciously aware that the act created a strong probability of death.

The evidence fails to show that the petitioner had the mental state to know that a strong probability of death existed, because the house into which he shot over and into was assumed by him to be empty in the area he fired into.  It is clear from petitioner's testimony that he only intended to scare the people in the house and not to harm anyone by shooting in the air and at the house (R.248-50).

The government's conviction falls short of "proof beyond a reasonable doubt" and is unconstitutional because it allows for a finding of guilt merely because the defendant "could have" been guilty: U.S. v. Moore, 958 F.2d 646 (1992).

Inherent in recklessness is that some action is done pur-posefully, but the likelihood death that may result from that action is disregarded.  The trial court rejected this argument and erroneously concluded that recklessness "could not" be part of a purposeful act, and that the petitioner was therefore guilty of felony murder.

THE COURT: You cannot escape liability for that kind of conduct simply by saying I didn't know someone was going to be hurt or I didn't intent to hurt anyone or kill anyone (R.281-82).

-7-

Indeed, the law is clear and a defendant can escape first degree murder liability, in lieu of a lesser offense, if intent or purposefullness is absent.  The trial court, especially during a bench trial, is presumed to know the law and to apply it correctly.  However that presumption is rebutted when the record affirmatively shows the contrary.

In the case at bar, the court made statements indicating its extrajudicial and predisposed opinion towards the petitioner. Extrajudicial pervasiveness toward a defendant, regardless of the source, is unconstitutional: <u>Schreiber v. Kellog</u>, 838 F.Supp. 998 -- Judges 49(1); <u>Trueblood v. U.S.</u>, 450 U.S. 999 (1981).

This extrajudicial reasoning was critical and disapproving of the law, and even hostile to the petitioner.  Further, the judge's predisposal was obviously derived from somewhere "other than" the law of the land, and the prejudice that ensued made fair and future judgments impossible: <u>Cunningham v. Stegal</u>, 13 Fed. App. 286 (2001).

Because the court found the petitioner's actions to be "purposeful" and not reckless (R.281), and because this decision was not derived from the evidence or conduct of the petitioner that the judge observed during the course of the proceeding, it also constitutes judicial error: <u>U.S. v. Grinnell Corp.</u>, 384 U.S. 563 (1966).

A judgment of conviction can be sustained only on credible evidence which removes all reasonable doubt of the guilt of the defendant, and it is the insufficiency of the state's evidence and the predisposal of the trial judge that creates such doubt.

If a conviction is to be sustained, it must rest on the strength of the state's case and not on the weakness of the petitioner's defense.

Petitioner respectfully moves this Honorable Court to grant an evidentiary hearing to resolve the factual issues presented in this argument, and that this court grant relief on his conviction and order him discharged from custody forthwith, or in the alternative order his discharge from custody if the state does not retry the petitioner within a reasonable or certain time determined by this court.

IV.

PETITIONER'S CONFESSION WAS OBTAINED THROUGH FALSE PRETENSE
OR BRIBERY, MAKING THE PROCESS DEFECTIVE IN A SUBSTANTIAL FORM
AS REQUIRED BY LAW, THEREBY VIOLATING THE PETITIONER'S RIGHT
TO DUE PROCESS AND A FAIR AND FUNDAMENTAL TRIAL UNDER THE 14TH
AND 6TH AMENDMENTS OF THE U.S. CONSTITUTION.

Mallory v. Hogan, 378 U.S. 1, 84 SCt. 1489: "(A) statement
must be free and voluntary and must not be extracted by any
sort of threat ... or obtained by any direct or implied promises,
however slight, nor by the exertion of any improper influence.

State and federal courts have long recognized that offers
of leniency are a factor to be considered in determining whether
a statement is voluntary.

In the case at bar, petitioner and his co-defendant were in
custody at the police station.  Two police officers and the Assis-
tant State's Attorney had arranged for them to be in the same
room at the same time, to discuss their pending statements -- a
procedure that is "never" practiced under ordinary circumstances.

While all five persons were present (petitioner, co-defendant,
two police officers, Assistant State's Attorney) implied promises
by the police officers and direct influence by the Assistant
State's Attorney, statements were extracted relevant to the
underlying offense. (See Exhibit A)

Petitioner, in good faith, believed the Assistant State's
Attorney when he, in his official capacity, promised to charge
him with involuntary manslaughter; and petitioner also took on
good faith the affirmations of the two police officers who agreed
with the Assistant State's Attorney in that he should not be
charged with murder.

Without these promises of leniency and the opportunity to confer with his co-defendant, petitioner contends that he would never have made pre-trial statements that were taken by the bench-trial court as a confession.

Subsequent to this, not only did the state "not" keep its promise to charge manslaughter, but petitioner's appointed counsel refused to file for supression of the statement.

This particular constitutional violation has all the in-greediances of prosecutional misconduct and ineffective assis-tance of counsel.

Giglio v. U.S., 92 SCt. 763: It has long been established that prosecution's "deliberate deception" is incompatible with rudimentary demands of justice. (quoting Mooney v. Holohan, 55 SCt. 340 per curiam)

U.S. v. Perkins, 56 MJ 825 (2001): A "false pretense" may exist by one's silence or by a failure to correct a known mis-representation. -- 10 U.S.C.A. 934. (In the instant argument, the "false pretense" is obvious.)

Banks v. Dretke, 124 SCt. 1256 (2004): It is incumbent on the prosecution to set the record straight.

It is prosecutional misconduct for the state to stoop to improper litigation conduct to advance prospects for gaining a conviction: Berger v. U.S., 55 U.S. 629; Strickler v. Green, 119 SCt. 1936 (1999).

Daniel v. Thigpen, 742 F.Supp. 1535 (1990): This court holds that ineffective assistance of counsel provides cause and permits federal habeas corpus review despite failure to

-11-

object (emphasis added) ... defendant's counsel did not meet the standards of reasonably competent counsel and the defendant was prejudiced thereby.

Thus, under the circumstances, prosecution's improper litigation combined with defense counsel's failure to supress showing a lack of sound trial strategy, violated the petitioner's due process and trial guarantee rights, both of which the petitioner was and still is, entitled to.

Moran v. McDaniel, 80 F.3d 1261 (1996): Petitioner is entitled to due process during habeas proceedings. -- U.S.C.A. Const. Amend. 14.

U.S. ex rel. Gill v. Gramley, 16 F.Supp. 2d 924 (1998): Function of federal habeas corpus is to confirm the adequacy of state proceedings for detecting and correcting constitutional error. -- 28 U.S.C.A. 2254.

Brownstein v. Director, Illinois Department of Corrections, 760 F.2d 836 (C.A.7 1985): Writ of habeas corpus was intended to set free those illegally detained.

Petitioner respectfully moves this Honorable Court to grant an evidentiary hearing to resolve the factual issues presented in this argument, and that this court grant relief on his conviction and order him discharged from custody forthwith, or in the alternative order his discharge from custody if the state does not retry the petitioner within a reasonable or certain time determined by this court.

V.

THE JURISDICTIONAL DEFECT CAUSED BY SUBJECTING THE PETITIONER
TO A SENTENCING STATUTE NOT IN EFFECT WHEN THE ALLEGED OFFENSE
OCCURRED RENDERED THE ENTIRE INSTRUMENT INVALID AND WARRANTS
REVERSAL OF CONVICTION, THEREBY VIOLATING THE PETITIONER'S RIGHT
TO DUE PROCESS AND A FAIR AND FUNDAMENTAL TRIAL UNDER THE 14TH
AND 6TH AMENDMENTS OF THE U.S. CONSTITUTION.

The felony the petitioner stands convicted of occurred
prior to midnight on December 31, 1998 when the petitioner and
co-defendant went to a New Year's Eve Party at 9208 S. Eggleston
in Chicago, Illinois (R.D109).  Petitioner and co-defendant
were not arrested on the underlying offense until August 30,
1999 (C.C13).

The sentencing statute (P.A. 89-428) which calls for "Truth
in Sentencing" and the serving of 100% of the sentence for first
degree murder, was not in effect at the time the alleged offense
occurred.  The sentencing statute that was in effect called
for day-for-day good-time, or more precisely, the serving of
only 50% of the sentence for first degree murder.

P.A. 89-428 had been held in violation of the "single subject"
requirement of the Illinois Constitution and after proper re-
visions was re-enacted in 1999 -- after the date of the alleged
offense occurred.

Petitioner is now serving 100% of his sentence (See Exhibit
B) as reflected by his projected out-date.  This jurisdictional
defect caused by subjecting the petitioner to a sentencing statute
not in effect when the alleged offense occurred renders the
entire instrument invalid and warrants reversal of petitioner's
conviction.

The court's sentencing decree is a "void decree" and as such has no legal effect and may be attacked at any time or in any court, either directly or collaterally.

The trial court's authority to sentence the petitioner arose solely from an unconstitutionally applied, and erroneous, sentencing statute.  Accordingly, the trial court has now lost all jurisdiction because it violated the Federal Constitution's requirements of the 14th and 6th amendments.  See <u>Johnson v. Zerbst</u>, 304 U.S. 458, 58 SCt. 1019. -- i.e., "Jurisdictional Defect" = "Immediate Release"!

Given the factual predicate that the statute under which the petitioner was sentenced clearly exhibits jurisdictional defect, the petitioner's sentence is void and in effect, no sentence at all.

See <u>Ex Parte Shiebold</u>, 100 U.S. 371: wherein the court held that a prisoner could properly raise on habeas corpus the claim that the statute under which he was incarcerated violated the United States Constitution.

<u>Boomer v. AT&T Corp.</u>, 309 F.3d 404 (C.A.7 2002); <u>Ace Auto Body & Towing Ltd. v. City of New York</u>, 171 F.3d 765 (1999); and <u>Broad v. Sealaska Corp.</u>, 85 F.3d 422 (1996): jointly held that under the U.S. Constitution's "Supremacy Clause", federal law preempts state law either by express provisions, by implication, or by conflict between federal and state law.

The judicially defective sentence the petitioner is now incarcerated under is representative of state law standing as an obsticle to the accomplishment of full purposes and objectives

of Congress: <u>Hines v. Davidowitz</u>, 312 U.S. 52, 61 SCt. 399.
--U.S.C.A. Const. Art. 6, cl. 2.

    Petitioner respectfully moves this Honorable Court to grant
an evidentiary hearing to resolve the factual issues presented
in this argument, and that this court grant relief on his con-
viction and order him discharged from custody forthwith, or
in the alternative order his discharge from custody if the state
does not retry the petitioner within a reasonable or certain
time determined by this court.

DECLARATION
UNDER PENALTY OF PERJURY

Under penalty of perjury, pursuant to 28 U.S.C.A. 1746 and 18 U.S.C.A. 1621, I declare that the foregoing is true and correct to the best of my knowledge.

Executed on ___3-26-08___            _Contrell Plummer_
              Date                   Contrell Plummer
                                     Reg. No. B-14235
                                     P.O. Box 711
                                     Menard, IL 62259-0711


NOTICE
AND PROOF OF SERVICE

Please take notice, that I, Contrell Plummer, did serve the original and two copies of this Memorandum of Law in Support of Petition for Relief from State Conviction to:

Clerk, United States District Court
for the Northern District of Illinois
Eastern Division
219 South Dearborn, 20th Floor
Chicago, IL 60604

by placing them in the U.S. Mail at Menard Correctional Center with the proper postage attached.

Executed on ___3-26-08___            _Contrell Plummer_
              Date                   Contrell Plummer


-16-

EXHIBIT A

Sworn Affidavits of
Contrell Plummer and Stanley Thomas
Wherein Implied Promises Created
INVOLUNTARY CONFESSIONS

STATE OF ILLINOIS    )
                     )  SS
COUNTY OF RANDOLPH   )

## AFFIDAVIT OF CONTRELL PLUMMER

I, Contrell Plummer, being first duly sworn upon my oath depose and state that the following matters are both true and correct made upon personal knowledge and belief, and if called as a witness, I am competent to testify thereto:

1. I was indicted with Stanley Thomas under Indictment No. 99 CR 22149.

2. On August 28, 1999, I spoke with an assistant state's attorney at the Area 2 police station concerning the shooting myself and Stanley Thomas were charged with.

3. During these conversations I was allowed to speak face-to-face with Stanley Thomas. After speaking to Stanley Thomas, we agreed to give a written statement. I also spoke to the state's attorney without Stanley Thomas being present. He represented to me that he would ask for involuntary manslaughter charges to be brought instead of murder charges because he believed that the shooting was an accident. He stated that we would be able to plea bargain to avoid a trial and get minimal time. Our decision to make a statement was based upon the state's attorney's statements that this wasn't going to be a murder charge.

4. There was also 2 police officers present during the time I gave my statement. Both of them also represented that this should not be a murder case and said they would help us out too.

5. My trial attorney said that our statements showed this was an accidental shooting. He did not bring up the fact the state's attorney promised involuntary manslaughter charges if we gave a statement, nor did he challenge the voluntariness of the statement.

FURTHER AFFIANT SAYS NAUGHT.

Date: _07-13-04_                    _____
                                    Contrell Plummer

SUBSCRIBED and SWORN to before me

this _13th_ day of _July_____, 2004.

_____
NOTARY      PUBLIC

```
"OFFICIAL SEAL"
Regina Summers
Notary Public, State of Illinois
My Commission Exp. 07/21/2005
```

STATE OF ILLINOIS    )
                      )  SS
COUNTY OF RANDOLPH  )

## AFFIDAVIT OF STANLEY THOMAS

I, Stanley Thomas, being first duly sworn upon my oath depose and state that the following matters are both true and correct made upon personal belief and knowledge, and if called as a witness, I am competent to testify thereto:

1. I am the petitioner/defendant in Indictment # 99 CR 22149.

2. On August 28, 1999, I spoke with an assistant state's attorney at the Area 2 police station concerning the shooting myself and Contrell Plummer were charged with committing.

3. During these conversations I explained a bit of what happened. The state's attorney expressed that this sounded like an accident to him and that if I gave a written statement to him, he would make sure that it was charged as an accidental shooting. I asked to speak with my co-defendant, Contrell Plummer, who was also in custody at this time at the police station. The state's attorney arranged for us to speak, face-to-face. Based upon the state's attorney promise to charge us with an accidental shooting, we both agreed to give a statement.

4. There were 2 other police detectives present during these conversations with the state's attorney. I am unable to recall their names. The detectives told Contrell and myself that they would help us out too. Although they never specified exactly how they would help, my impression was that they would testify for us somehow.

5. After talking to Contrell we both gave the state's attorney written statements detailing how this shooting was accidental. The state's attorney promised he'd recommend charges of involuntary murder.

6. This information was not brought out at trial because my attorney said that the statement spoke for itself.

FURTHER AFFIANT SAYS NAUGHT.

Date: _July 7, 2004_        _Stan Thomas_
                                    Stanley Thomas

SUBSCRIBED and SWORN to before me

on this 7th day of _July_, 2004.

_____
NOTARY       PUBLIC

"OFFICIAL SEAL"
John F. Kellerhouse
Notary Public, State of Illinois
My Commission Exp. 08/07/2005

EXHIBIT B

Mittimus and Indictment Documentation
Relevant to Petitioner's Incarceration
and
Projected Out-Date
Showing 100% of Sentence is to be Served
Under "Truth in Sentencing" Provisions

IN THE CIRCUIT COURT OF COOK COUNTY

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS | ) | CASE NUMBER    99CR2214901 |
| V. | ) | DATE OF BIRTH   09/26/71 |
| CONTRELL    PLUMMER | ) | DATE OF ARREST  08/28/99 |
| Defendant | | IR NUMBER 0896909   SID NUMBER 028372490 |

ORDER OF COMMITMENT AND SENTENCE TO
ILLINOIS DEPARTMENT OF CORRECTIONS
=====================================

The above named defendant having been adjudged guilty of the offense(s) enumerated below is hereby sentenced to the Illinois Department of Corrections as follows:

| Count | Offense | Statutory Citation | Sentence | Class |
|---|---|---|---|---|
| 2 | first Degree Murder | 720-5/9-1(A)(2) | YRS. 40  MOS. 0 | M |

and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on: _____

_____ YRS. _____ MOS. _____ _____
and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on: _____

_____ YRS. _____ MOS. _____ _____
and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on: _____

_____ YRS. _____ MOS. _____ _____
and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on: _____

_____ YRS. _____ MOS. _____ _____

On Count _____ defendant having been convicted of a class _____ offense is sentenced as a class x offender pursuant TO 730 ILCS 5/5-5-3(C)(8).

On Count _____ defendant is sentenced to AN EXTENDED TERM PURSUANT TO 730 ILCS 5/5-8-2.

The Court finds that the defendant is entitled to receive credit for time actually served in custody for a total credit of 566 days as of the date of this order

IT IS FURTHER ORDERED that the above sentence(s) be (concurrent with)(consecutive to) the sentence imposed in case number(s) _____ **Johnny Davis**
AND: (concurrent with)(consecutive to) the sentence imposed in case number(s) _____ **ENTERED**

IT IS FURTHER ORDERED that _____ **MAR 1 4 2001**

**JUDGE**
**DOROTHY BROWN**
Clerk Of The Circuit Court

IT IS FURTHER ORDERED that the Clerk provide the Sheriff of Cook County with a copy of this Order and that the Sheriff take the defendant into custody and deliver him/her to the Illinois Department of Corrections and that the Department take him/her into custody and confine him/her in a manner provided by law until the above sentence is fulfilled.

DATED _____ MARCH 14, 2001

ENTER: 03/14/01

CERTIFIED BY   J DAVIS
DEPUTY CLERK

JUDGE:  HOLT, LEO E         0235

GCPE 03/14/01 12:03:22



## ILLINOIS department of
## CORRECTIONS

George H. Ryan, Governor          Donald N. Snyder,

erving justice

erving illinois

**Jr., Director**

director
administration
inmate search
facilities
visitation rules
IDOC news
reports & stats
jobs @ IDOC
industries
victim services
contacting us
faq

IDOC

Homepage




**CHECK TO INCLUDE PHOTO** ☐




# B14235 - PLUMMER, CONTRELL

**Parent Institution:**     Menard Correctional Center
**Inmate Status:**          IN CUSTODY
**Location:**               MENARD
**Discharge Reason:**

## VITALS

**Date of Birth:**   09-26-1971
**Weight:**          175 lbs.
**Hair:**            Black
**Sex:**             Male
**Height:**          6 ft. 00 in.
**Race:**            Black
**Eyes:**            Brown

## MARKS, SCARS, & TATTOOS
TATTOO, ARM, RIGHT - GSW-TRELL INSANE G
TATTOO, ARM, LEFT - I.G.D.N

## ADMISSION / RELEASE / DISCHARGE INFO
**Custody Date:**              05/01/2001
**Projected Parole Date:**     08/18/2039
**Paroled Date:**              —
**Tentative Discharge Date:**
**Discharge From Parole:**     08/18/2042

## SENTENCING INFORMATION