*MHH*

**FILED**

MAY 2 7 2008 *aew*

5-27-2008

**MICHAEL W. BOBBINS**
**CLERK, U.S. DISTRICT COURT**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CONTRELL PLUMMER,<br>Petitioner, | ) ) ) | Case No. 08-C-1885 |
| | ) | The Honorable |
| -vs- | ) ) | Joan H. Lefkow,<br>Judge presiding. |
| DONALD A. HULICK, Warden,<br>Respondent. | ) ) | Judge Brown<br>Designated Magistrate. |

MOTION FOR SUMMARY JUDGMENT

Comes now petitioner, Contrell Plummer, and moves this Court for a summary judgment in which the aobve captioned case is to be heard and decided without further delay.

Fundamental fairness and the principles of due process require/demand the Respondent assert claim against Petitioner within a court-ordered period of time.  The Respondent is in non-compliance.

Petitioner cites the following filings, court orders and authorities in support of this motion:

(1) March, 26, 2008: Petitioner filed a petition under 28 USC 2254 for a writ of habeas corpus by a person in state custody.  Petitioner was under -- yet complied with -- a statutory "Timeliness of Petition" enforced by 28 USC 2244(d)(2).  Had petitioner defaulted in said filing, his petition would have been summarily dismissed.

(2) April 15, 2008: Respondent is ordered, by this Court, to answer or otherwise plead to Petitioner's petition within twenty (20) days of the date the order was entered -- making Respondent's pleading due May 5, 2008.  This Court allowed said time for Respondent to discuss the merits and procedural posture of the petition -- i.e., whether Petitioner had exhausted his state remedies and/or procedurally defaulted any claims.  See Rules 4 & 5 of the Rules Governing 2254 Cases.

(3) April 17, 2008: Assistant Attorney General Eric W. Truett entered appearance as counsel for Respondent, and thereby assumed all obligations and deadlines for this cause of action.

(4) April 22, 2008: Respondent filed a Motion for Extension of Time from May 5, 2008 to and until June 4, 2008.

(5) To this date, this Court has not granted or denied the Respondent's Motion for Extension of Time.

(6) The central principle at work here is: "Does the Respondent's Motion for Extensio of Time, obviate the court-ordered response time, when no court-order grants or denies said motion." Substantially, this is very simple, since all court orders are given effect from the date judicially ordered, regardless of later construction.

Throughout this proceeding, the petitioner either has been, or will be, under statutory timeliness or court-ordered deadlines. Petitioner has been, or will be, expected to comply with each and every one of them. At any point in time Petitioner becomes non-compliant, his habeas corpus petition will either never be heard on the merits, denied, conceded or summarily dismissed. Fundamental fairness and the principles of due process require/demand the same stringent consequences be placed upon Respondent.

Moran v. McDaniel, 80 F.3d 1261 (1996): Petitioner is entitled to due process during habeas proceeding. -- USCA Const. Amend. 14.

Whatever the Respondent's justification for court-ordered delinquency, it does not eliminate, by anticipatory measures, due process requirements.

To afford the Respondent considerations not afforded the Petitioner is not tenable in a system that is constitutionally bound to accord Petitioner's due process.

CONCLUSION

Petitioner concludes that the Respondent has defaulted on the right to respond to the Petitioner's habeas corpus, as concerns Rules 4 & 5 of the Rules Governing 2254 Cases -- i.e., the time for procedural posturing is defaulted.

Petitioner therefore moves this Honorable Court to grant this MOtion for Summary Judgment, by directing the Respondent to file an <u>Answer</u> -- said Answer addressing the merits of the petition, and absent the procedural default, exhaustion of state remedies, meritless claims and/or the purely state-law arguments that the Respondent inevitably leans on to avoid addressing habeas corpus issues on their merits.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CONTRELL PLUMMER,<br>Petitioner,<br><br>   -vs-<br><br>DONALD A. HULICK, Warden,<br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 08-C-1885<br><br>The Honorable<br>Joan H. Lefkow,<br>Judge Presiding.<br>Judge Brown<br>Designated Magistrate. |

PROOF/CERTIFICATE OF SERVICE

Prisoner Correspondence
Clerk's Office
U.S. District Court
219 South Dearborn Street
Chicago, IL 60604

Chief, Criminal Appeals Division
Office of the Attorney General
Eric W. Truett, Asst. Atty. General
100 West Randolph St., 12th Floor
Chicago, IL 60601

PLEASE TAKE NOTICE that on this date I have placed the document listed below in the institutional mail at Menard Correctional Center, properly addressed to the parties listed above, for mailing through the United States Postal Service:

MOTION FOR SUMMARY JUDGMENT

PURSUANT TO 28 USC 1746 and 18 USC 1621, I declare, under penalty of perjury, that I am the named petitioner in the above action, that I have read the above document, and that the information contained therein is true and correct to the best of my knowledge.

Date: 5-20-08

Contrell Plummer
Reg. No. B-14233
P.O. Box 711
Menard, IL 62259-0711

-4-