IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| ex rel. CONTRELL PLUMMER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 08 C 1885 |
| | ) | |
| DONALD HULICK, Warden, | ) | |
| Menard Correctional Center, | ) | The Honorable |
| | ) | Joan H. Lefkow, |
| Respondent. | ) | Judge Presiding. |

---

## MOTION TO DISMISS

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the

United States District Courts, 28 U.S.C. § 2244(d)(1)(A), and this Court's

order of January 4, 2008, respondent DONALD HULICK, Warden of the Menard

Correctional Center, moves this Court to dismiss the above-captioned

Petition for Writ of Habeas Corpus and to deny petitioner's motion for

summary judgment (Doc. 13), and states as follows:

1.    Petitioner Contrell Plummer, identified as prisoner B14235, is

currently incarcerated at the Menard Correctional Center, where he is in the

custody of respondent Donald Hulick, the Warden of that facility.

2.    Following a joint bench trial in the Circuit Court of Cook

County, Illinois, petitioner and co-defendant Stanley Thomas were convicted

of knowing first degree murder, felony murder, and aggravated discharge of a

firearm, and acquitted of intentional first degree murder.  Exhibit A (Rule 23

Order, *People v. Plummer*, Nos. 1-01-1140 & 1-01-2471 cons. (Ill.App. 2004)).

Petitioner was sentenced to a 55-year prison term, which was later reduced to

a 40-year term.  (*Id.* at 1).

3.     Petitioner appealed, arguing only that the State did not prove

beyond a reasonable doubt that petitioner knew that death or great bodily

harm would result from his conduct.  (*Id.*).  The state appellate court affirmed

on March 31, 2004.  (*Id.* at 2).  Petitioner filed a petition for rehearing that

was denied on May 12, 2004.  Petitioner then filed a pro se petition for leave

to appeal (PLA) in the Illinois Supreme Court that was denied on October 6,

2004.  Exhibit B (Order, *People v. Plummer*, No. 98378 (Ill. 2004)).

Respondent has confirmed with the Clerk of the United States Supreme

Court that petitioner did not seek review in that court.

4.     On March 15, 2005, petitioner filed a pro se postconviction

petition in the Circuit Court of Cook County pursuant to 725 ILCS 5/122-1, *et

seq.*, raising the same claims that he has raised in the instant federal habeas

petition.[1]  Exhibit C (Postconviction petition, *People v. Plummer*, No. 99 CR

22149, Circuit Court of Cook County).  The state trial court dismissed

petitioner's postconviction petition on April 22, 2005.

---

[1]  Illinois has a "mailbox rule" but it does not apply to filing a "complaint,"
which includes a petition collaterally attacking a judgment.  *See, e.g., Wilkins
v. Dellenback*, 500 N.E.2d 692, 695 (Ill.App. 1986).  Thus, petitioner's state
postconviction petition was "filed" on the date of actual receipt by the circuit
clerk, as evidenced by the file stamp.  *Id.*

5.    Petitioner did not timely file a notice of appeal within the thirty days allotted by Illinois law. *See* Ill. Sup. Ct. R. 303(a)(1). On September 23, 2005, petitioner submitted to the state appellate court a self-styled "Late Notice of Appeal" accompanied by an affidavit with putative reasons why the state appellate court should excuse his untimely filing. The state appellate court recharacterized the pleading as a motion for leave to file a late notice of appeal and denied petitioner leave to file an appeal. Exhibit D (Late Notice of Appeal, *People v. Plummer*, No. 1-05-3216); Exhibit E (Order, *People v. Plummer*, No. 1-05-3216 (Ill.App. 2005). On October 12, 2005, prior to the state appellate court denying him leave to file his "Late Notice of Appeal," petitioner submitted to the state appellate court a "Motion for Leave to File a Late Notice of Appeal."[2] Exhibit F (Motion for Leave to File Late Notice of Appeal, *People v. Plummer*, No. 1-05-3216). This second motion for leave to file a late notice of appeal was granted on December 16, 2005. Exhibit G (Order, *People v. Plummer*, No. 1-05-3216 (Ill.App. 2005).

6.    On December 6, 2006, postconviction appellate counsel moved to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987); petitioner filed a response on January 4, 2007. The appellate court granted the motion

---

[2] Petitioner's initial "Late Notice of Appeal" (Exh. D) contained a certificate of service attesting that petitioner placed the document in the prison mail system on September 23, 2005. Under the Illinois "mailbox rule," it was filed on that date. *See, e.g., Harrisburg-Raleigh Airport Authority v. Department of Revenue*, 533 N.E.2d 1072, 1078 (Ill. 1989). However, petitioner's "Motion for Leave to File Late Notice of Appeal" did not contain a certificate of service, making it impossible to ascertain when petitioner mailed the document, and thus denying petitioner the benefit of the mailbox rule.

to withdraw and affirmed on March 16, 2007.  Exhibit H (Rule 23 Order, *People v. Plummer*, No. 1-05-3216 (Ill.App. 2007)).  Petitioner filed a postconviction PLA that was denied on September 26, 2007.  Exhibit I (Order, *People v. Plummer*, No. 104606 (Ill. 2007)).  Respondent has confirmed with the Clerk of the United States Supreme Court that petitioner did not seek review in that court.

       7.    The instant petition for a writ of habeas corpus was filed on March 26, 2008 because that is the date on which petitioner placed it in the mail with sufficient postage attached.  *See Ingram v. Jones*, 507 F.3d 640, 643-44 (7th Cir. 2007) (construing identically-worded provision in Fed. R. App. Proc. 4(c)(1)).  While page 7 of the petition was signed on March 15, 2008, this is not the filing date for three reasons.  First, petitioner did not attest under penalty of perjury on that page that he placed the petition in the mail that day with sufficient pre-paid postage attached.  *See Ingram*, 507 F.3d at 644 (strict compliance with "mailbox rule" required).  Second, page 16 of the Memorandum of Law contains an attestation under penalty of perjury that he placed the petition "in the U.S. Mail at Menard Correctional Center with the proper postage attached" on March 26, 2008, well after the March 15, 2008 date on page 7 of the petition.  Pet. MOL at 16.  Finally, the petition was received by the Clerk of the District Court on April 2, 2008, which is consistent with the March 26, 2008 mailing date, not the March 15, 2008 date.

8.    The instant federal habeas petition raises the following claims:

A.    petitioner's trial counsel was constitutionally ineffective for failing to object to or preserve for appeal petitioner's claims that: (1) the State did not prove petitioner intended to kill the victim; (2) the state obtained petitioner's statement through false pretenses or bribery; and (3) petitioner was unlawfully sentenced under a statute not in effect when he committed the offense;

B.    petitioner's appellate counsel was constitutionally ineffective for failing to raise the claim of ineffective assistance of trial counsel or any of the aforementioned grounds on which trial counsel was allegedly ineffective;

C.    the trial court lacked jurisdiction over petitioner when it convicted him of first degree murder without the State proving that he intended to kill the victim;

D.    petitioner's statement was obtained by means of false pretense or bribery; and

E.    petitioner was unlawfully sentenced under a statute not in effect at the time he committed the offense for which he was sentenced.

Pet. at 5-6.

9.    On May 2, 2008, prior to the deadline for respondent filing a responsive pleading, petitioner moved for summary judgment. (Doc. 13).

Petitioner's motion

10.    Petitioner has exhausted his state court remedies because no avenues remain available by which petitioner may present the constitutional claims raised in this habeas petition to the state courts. *See* 725 ILCS 5/122-1, *et seq.*

11.    The following materials are being filed with this Court under separate cover as exhibits to this motion:

Exhibit A:    Rule 23 Order, *People v. Plummer*, Nos. 1-01-1140 & 1-01-2471 cons. (Ill.App. 2004);

Exhibit B:    Order, *People v. Plummer*, No. 98378 (Ill. 2004);

Exhibit C:    Postconviction petition, *People v. Plummer*, No. 99 CR 22149, Circuit Court of Cook County;

Exhibit D:    Late Notice of Appeal, *People v. Plummer*, No. 1-05-3216;

Exhibit E:    Order, *People v. Plummer*, No. 1-05-3216 (Ill.App. 2005);

Exhibit F:    Motion for Leave to File Late Notice of Appeal, *People v. Plummer*, No. 1-05-3216;

Exhibit G:    Order, *People v. Plummer*, No. 1-05-3216 (Ill.App. 2005);

Exhibit H:    Rule 23 Order, *People v. Plummer*, No. 1-05-3216 (Ill.App. 2007); and

Exhibit I:    Order, *People v. Plummer*, No. 104606 (Ill. 2007).

## The Petition is Time-Barred

12.    Petitioner's § 2254 petition should be dismissed, with prejudice, as time-barred under 28 U.S.C. § 2244(d)(1). Under this provision, the statute of limitations for habeas actions filed under § 2254 begins to run from the latest of the following: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time to seek review;

(2) the date on which the impediment to filing an application is removed, if the impediment is created by state action in violation of the Constitution or laws of the United States and the defendant was prevented from filing by that state action; (3) the date on which the Constitutional right asserted by the petitioner was acknowledged by the Supreme Court and made retroactive to cases on collateral review; or (4) the date on which the factual predicate for the claim or claims could have been discovered through due diligence.  *See* 28 U.S.C. § 2244(d)(1)(A)-(D).  Petitioner has not demonstrated that his time limit is governed by any of the events listed in § 2244(d)(1)(B)-(D), nor does an examination of his habeas petition itself reveal that it triggers any of those subsections.  Therefore, the start of petitioner's limitations period is governed by § 2244(d)(1)(A).

13.    Petitioner's conviction became final on January 4, 2005, when the time expired to file a petition for a writ of certiorari in the United States Supreme Court to review his judgment of conviction.  *See, e.g., Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002).  Petitioner properly filed a state postconviction petition on March 15, 2005 — 70 days after his conviction became final.  The time between March 15, 2005, the date on which he properly filed his postconviction petition, and April 22, 2005, the date on which the state trial court dismissed his postconviction petition, is tolled under 28 U.S.C. § 2244(d)(2).

14.    Respondent assumes for the purposes of this motion that the thirty days during which petitioner could have filed a notice of appeal after dismissal of his postconviction petition but did not do so (April 22 – May 22, 2005) is tolled pursuant to § 2244(d)(2).  Respondent also assumes for the purposes of this motion that petitioner's state postconviction proceedings were "pending" from October 12, 2005, when he filed his motion for leave to file a late notice of appeal that was granted by the state appellate court, until September 26, 2007, when the Illinois Supreme Court denied his postconviction PLA.  Using these dates, an additional 143 days lapsed between the expiration of time to file a notice of appeal on May 22, 2005 and petitioner's filing his motion for leave to file a late notice of appeal on October 12, 2005.  The state appellate court's granting petitioner's motion does not toll all of the time back to his filing a postconviction petition; instead, it restarts the tolling period on the day that petitioner filed his motion that was ultimately granted by the state appellate court.  *See Fernandez v. Sternes*, 227 F.3d 977, 979-80 (7th Cir. 2000).

15.    An additional 171 days lapsed between September 26, 2007, the date on which petitioner's postconviction proceedings were no longer "pending" due to the denial of petitioner's PLA, and March 15, 2008, the earliest date on which petitioner could have filed the instant federal habeas petition.  *See Lawrence v. Florida*, 127 S. Ct. 1079, 1083 (2007); *see also Gutierrez v. Schomig*, 233 F.3d 490, 491-92 (7th Cir. 2000) (petition for

certiorari that is not actually filed cannot reasonably be considered "pending").

16.    Thus, the instant federal habeas petition is untimely because it was filed no less than 384 (70 + 143 + 171) days after the limitations period started under §2244(d)(1)(A).

17.    AEDPA's limitations period may, in extraordinary circumstances, be subject to equitable tolling. *Williams v. Sims*, 390 F.3d 958, 959 (7th Cir. 2004). Petitioner has not alleged, nor could he demonstrate, that equitable tolling is warranted. Under the common law doctrine, equitable tolling is available only if the plaintiff has been pursuing his rights diligently and an external impediment has prevented a complaint from being timely filed. *See, e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way"); *accord, e.g., Williams*, 390 F.3d at 960 (doctrine of equitable tolling is applicable to "situations in which, without fault by the defendant, the plaintiff is *unable* to sue within the statutory period.") (emphasis added).

18.    Petitioner has not demonstrated that he has been pursuing his rights diligently; he offers no excuse for his failure to timely file a notice of appeal on state postconviction review or his six-month delay in filing a federal habeas petition after the conclusion of those postconviction

proceedings. Furthermore, petitioner has not identified any "extraordinary circumstances" that prevented him from timely filing a habeas petition.

19. Even with the benefit of the statutory tolling rules, petitioner's habeas petition is untimely by 19 days. Petitioner is not entitled to equitable tolling because he has not diligently pursued his rights and no extraordinary circumstance prevented timely filing. Accordingly, this Court should dismiss the instant petition with prejudice and deny petitioner's motion for summary judgment. (Doc. 13). Even if this Court were to determine that the petition were not time-barred, petitioner's motion for summary judgment should be denied because, in the Northern District of Illinois, habeas petitions are not adjudicated using summary judgment procedures. *See, e.g., Dolis v. Chambers*, 07 CV 1816, Order Denying Motion for Summary Judgment, Jan. 18, 2008 (Doc. 15) ("Petitioner's motion for summary judgment is stricken without prejudice, as habeas petitions are adjudicated as habeas petitions (with evidentiary hearings, if appropriate) and not on the basis of summary judgment filings and Local Rule 56.1.") (Filip, J.).

## CONCLUSION

This Court should dismiss the instant petition with prejudice and deny petitioner's motion for summary judgment. If the Court determines that petitioner's habeas petition is not time-barred under AEDPA, respondent respectfully requests 30 days from the Court's order denying this motion to address the merits and/or the procedural defaults of petitioner's claims in a subsequent submission.

June 3, 2008                              Respectfully submitted,

                                          LISA MADIGAN
                                          Attorney General of Illinois

                          By:    s/Eric W. Truett
                                 ERIC W. TRUETT, Bar # 6291213
                                 Assistant Attorney General
                                 100 W. Randolph Street, 12th Floor
                                 Chicago, Illinois 60601-3218
                                 PHONE: (312) 814-4684
                                 FAX: (312) 814-2253
                                 E-MAIL: etruett@atg.state.il.us

<u>CERTIFICATE OF SERVICE</u>

I hereby certify than on June 3, 2008, I electronically filed respondent's **MOTION TO DISMISS** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, and I hereby certify that on that same day, I mailed by United States Postal Service the above-referenced motion to the following non-registered party:

Contrell Plummer
No. B14235
Menard Correctional Center
711 Kaskaskia Street
P.O. Box 711
Menard, IL 62259

Respectfully submitted,

Lisa Madigan
Attorney General of Illinois

By:  <u>s/Eric W. Truett</u>
Eric W. Truett, Bar # 6291213
Assistant Attorney General
100 W. Randolph Street, 12th Floor
Chicago, Illinois 60601-3218
Phone: (312) 814-4684
Fax: (312) 814-2253
E-Mail: etruett@atg.state.il.us