FILED
JUN 13 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT
Jun 13, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CONTRELL PLUMMER,  )  Case No. 08-C-1885
Petitioner,        )
                   )  The Honorable
   -vs-            )  Joan H. Lefkow,
                   )  Judge Presiding.
DONALD A. HULICK, Warden,  )  Judge Brown.
Respondent.        )  Designated Magistrate.

PETITIONER'S OPPOSITION TO MOTION TO DISMISS

Facts which rebut claims in
respondent's motion to dismiss

1. At page 5 in respondent's motion it states that on May 2, 2008 "prior to the deadline for respondent filing a responsive pleading," petitioner moved for summary judgment. (Doc. 13)

Petitioner's motion for summary judgment was certified under the federal "mailbox rule" as being submitted May 20, 2008 (not May 2, 2008); and this was not prior to the deadline for respondent's filing, which was court-ordered to be May 5, 2008 -- i.e., respondent's deadline had expired by fifteen (15) days.

2. At pages 6 & 7 of respondent's motion it states that petitioner's 2254 petition is time barred because his habeas petition was governed by the legislative definitions listed in 2244(d)(1)(B)-(D) and therefore the tolling of petitioner's limitations period was governed by 2244(d)(1)(A).

Petitioner's habeas petition is governed, not by the selective legislation interpretation given by the respondent, but rather by "Timeliness of Petition" 28 USC 2244(d)(2) -- i.e., (Explain why one-year statute does not apply.) -- "The time during which a properly filed application for State post-conviction or other

collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Equitable Tolling

1. A footnote at the bottom of page 2 of respondent's motion states that the Illinois "mailbox rule" does not apply to filing a petition collaterally attacking a judgment and therefore petitioner's state post conviction petition is considered "filed" on the date of actual receipt by the circuit clerk.

Mruz v. Caring, Inc., 39 F.Supp.2d 495 (1999): A federal court whose federal question jurisdiction has been invoked applies federal rather than state law. -- 28 USCA 1331.

Petitioner repeatedly invokes federal jurisdiction in his habeas petition, and does so now under the Supremacy Clause: The Supremacy Clause of the U.S. Constitution mandates that federal statutes and federal regulations properly promulgated pursuant to proper statutory authority takes precedence over state laws. -- USCA Const. Art. 6, cl. 2. Therefore, the "federal" mailbox rule applies: Lott v. Mueller, 304 F.3d 918 (2002): Under the mailbox rule a legal document is deemed filed on the date a prisoner delivers it to the prison authorities for filing by mail. -- Time 3.

2. At page 9 in respondent's motion it is declared that "Petitioner ... has not alleged, nor could he demonstrate, that equitable tolling is warranted." Respondent then states that petitioner cannot show that he has been pursuing his rights diligently; and that he offers no excuse for his failure to

do so, with respect to his six-month delay in filing the instant habeas petition.

In rebuttal, petitioner asserts that the vast majority of his filings (including the instant habeas petition) has been done "pro se" and that such pleadings as prepared by a lay person without counsel, are interpreted more liberally than those prepared by counsel. In re Merriam, 250 BR 724 (2000).

Further, this "accumulation" of time between postings being counted against the one-year filing limitation of 2244(d)(2) is not contained within the legislative definition itself; thus legislative intent is "dispositive" in determining facts. (See U.S. v. Galloway, 976 F.2d 414 (1992) and U.S. v. Reynolds, 900 F.2d 1000 (1990).

If this Court requires more than petitioner's dependence on his "lay person" status and his understanding of the legislative definition and intent of 2244(d)(2), petitioner defers to "deadlock days" to prove the existence of circumstances beyond the control of the petitioner, which render the process ineffective to protect the rights of a prisoner.

In 2007 Menard Correctional Center (and petitioner) was subjected to 86 days of Level One deadlock. As of the date of this filing, 72 days of Level One deadlock has restricted the petitioner in 2008. Level One deadlock means no access to the prison law library; no zeroxing is available; no large manilla envelopes are available for mailing legal documents; and no money vouchers are available for sending along with legal mail to defray the cost of postage. None of these deadlocks were the fault of the petitioner.

<u>Walters v. Edgar</u>, N.D. Ill. 1995, 900 F.Supp. 197: Prisoners who establish direct, substantial, and continuous denial of their right to access to the courts are not required also to show that they have suffered some resulting detriment.

<u>Morrissey v. Brewer</u>, 408 U.S. 471 (1972): Liberty protected by due process may -- indeed must to some extent -- coexist with legal custody pursuant to conviction.

<u>Untimeliness</u>

At page 10, the conclusion of respondent's motion to dismiss petitioner's habeas petition, the state declares "... petitioner's habeas petition is untimely by 19 days.

It would be "anomalous" to hold on the one hand that petitioner's habeas petition must be dismissed because according to the respondent's calculations it is untimely by 19 days ... yet on the other hand the respondent's motion to dismiss is certified as being mailed June 3, 2008 -- thirty one (31) days after this Court ordered the respondent to answer or otherwise plead to petitioner's habeas petition, and entered the order on the Clerk's docket April 15, 2008.

<u>CONCLUSION</u>

This Court should deny the respondent's motion to dismiss and grant petitioner's motion for summary judgment.  Further, this Court should examine the relief sought in petitioner's motion for summary judgment -- i.e., that the Court direct the respondent to address the merits of the habeas petition, absent the procedural default, exhaustion of state remedies, declarations

that petitioner's claims are meritless and/or trying to dismiss using purely state-law arguments, that the state inevitably leans on to avoid addressing petitioner's issues on their merits.

PROOF/CERTIFICATE OF SERVICE

| | |
|---|---|
| Prisoner Correspondence<br>Clerk's Office<br>U.S. District Court<br>219 South Dearborn St.<br>Chicago, IL 60604 | Chief, Criminal Appeals Division<br>Office of the Attorney General<br>Eric W. Truett, Asst. Atty. Gen.<br>100 W. Randolph St., 12th Floor<br>Chicago, IL 60601 |

PLEASE TAKE NOTICE that on this date I have placed the document listed below in the institutional mail at Menard Correctional Center, properly addressed to the parties listed above, for mailing through the United States Postal Service:

"PETITIONER'S OPPOSITION TO MOTION TO DISMISS"

UNDER PENALTY OF PERJURY, pursuant to 28 USC 1746 and 18 USC 1621, I declare that I am the named petitioner in the above action, that I have read the above document, and that the information contained therein is true and correct to the best of my knowledge.

Date: 6-8-08

Contrell Plummer
Reg. No. B-14235
Menard Correctional Center
P.O. Box 711
Menard, IL 62259-0711

-5-