IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>ex rel. CONTRELL PLUMMER,<br><br>Petitioner,<br><br>v.<br><br>DON HULICK, Warden,<br>Menard Correctional Center,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br><br>No. 08 C 1885<br><br><br>The Honorable<br>Joan H. Lefkow,<br>Judge Presiding. |

_____

**REPLY IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS**

1.  On June 3, 2008, respondent DON HULICK, Warden of the Menard Correctional Center, moved this Court to dismiss as time-barred the above-captioned Petition for Writ of Habeas Corpus.

2.  The instant federal habeas petition is untimely. Petitioner's conviction became final on January 4, 2005, when the time expired to file a petition for a writ of certiorari in the United States Supreme Court to review his judgment of conviction. *See, e.g., Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002). Seventy days of the limitations period lapsed between that date and March 15, 2005, the date on which petitioner properly filed a state postconviction petition. The state trial court denied the postconviction petition on April 22, 2005. An additional 143 days lapsed between the expiration of time to file a notice of appeal on May 22, 2005 and the filing of

petitioner's motion for leave to file a late notice of appeal on October 12, 2005. That proceeding was pending until September 26, 2007, when the Illinois Supreme Court denied petitioner's postconviction PLA. An additional 171 days lapsed between September 26, 2007 and March 15, 2008, the earliest date on which petitioner could have filed the instant federal habeas petition. Thus, the instant federal habeas petition is untimely because it was filed no less than 384 (70 + 143 + 171) days after the limitations period started under §2244(d)(1)(A).

    3.    Petitioner argues that federal, not state law, governs the date of filing of his state postconviction petition. (Doc. 17 at 2 (arguing that federal "mailbox rule" governs when pleading was filed in state court)). While the meaning of § 2244(d)(2) is a question of federal law, this does not mean that the federal mailbox rule applies to state-court filings. To the contrary, that section explicitly relies upon state law to determine when and if a collateral attack was "properly filed." *See, e.g., Fernandez v. Sternes*, 227 F.3d 977, 980 (7th Cir. 2000) ("We held in *Freeman v. Page*, 208 F.3d 572 (7th Cir. 2000), that whether a petition is 'properly filed' depends on state law"). This method of relying upon state law is a commonly-accepted practice in the federal courts. *See, e.g.,* 42 U.S.C. § 1988 (permitting application of state limitations period for federal civil rights action); *see also, e.g., Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001) (federal rule of decision may incorporate the law that would be applied by state courts in the

2

state in which the federal diversity court sits). Petitioner cites to no authority for the novel proposition that the federal mailbox rule governs whether his state postconviction petition was "properly filed" in state court.

    4.    The text of 28 U.S.C. § 2244(d) contains its own tolling rules, and it is an open question whether those rules preclude the application of equitable tolling principles. *See, e.g., Lawrence v. Florida*, 127 S.Ct. 1079, 1085 (2007); *see also Williams v. Sims*, 390 F.3d 958, 960 (7th Cir. 2004). Assuming equitable tolling is available, it is limited to cases in which the petitioner has been pursuing his rights diligently and an external impediment has prevented a complaint from being timely filed. *See, e.g., Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way"); *accord, e.g., Williams*, 390 F.3d at 960 (doctrine of equitable tolling is applicable to "situations in which, without fault by the defendant, the plaintiff is *unable* to sue within the statutory period") (emphasis added); *Gildon v. Bowen*, 384 F.3d 883, 887 (7th Cir. 2004) (equitable tolling only available where "extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition"). Given these sharp constraints, it is unsurprising that "'[e]quitable tolling is rarely granted.'" *Lo v. Endicott*, 506 F.3d 572, 576 (7th Cir. 2007) (quoting *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006)).

3

5.	Petitioner claims that he is entitled to equitable tolling because he lacks assistance of counsel. (Doc. 17 at 3). But it is not enough that someone had difficulty meeting the statutory deadlines — some external impediment must have prevented timely filing. *Williams*, 960 F.3d at 963 (noting that contrary rule would mean that "statutes of limitations would have little bite, and no value at all to persons or institutions sued by people who don't have good, or perhaps any, lawyers").

6.	Petitioner further argues that the time during which Menard Correctional Center was on "Level One Deadlock" should be equitably tolled. (Doc. 17 at 3). This claim for equitable tolling fails because petitioner has not supported his claim of a lockdown with competent evidence, has not shown that the lockdown was the cause of his untimely filing, and numerous cases hold that a lockdown is not an extraordinary circumstance.

7.	It is impossible to ascertain what time period, if any, should be equitably tolled. Petitioner has provided no evidence by way of affidavit or other competent evidence confirming the lockdowns or the restrictions placed upon him during those lockdowns, and it is his burden to demonstrate an entitlement to equitable tolling. *See, e.g., Pace*, 544 U.S. at 414, 418.

8.	In addition, petitioner has not shown that the lockdowns were the proximate cause of his untimely filing. *See, e.g., Allen v. Lewis*, 255 F.3d 798, 800 (9th Cir. 2001) (citing *Valeverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) (lockdown must be proximate cause of untimely filing). Petitioner

claims that Menard was subjected to 86 days of Level One deadlock during 2007 but does not state how many of those 86 lockdown days occurred after September 26, 2007, when the limitations clock once again began running. If the majority of the lockdown days occurred prior to the conclusion of his state postconviction proceedings, then he was not substantially impaired in his ability to timely file a federal habeas petition. *See generally Lewis v. Casey*, 518 U.S. 343 (1996) (inmates do not have an unrestricted right to a law library; they are only entitled to a "'reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts'") (quoting *Bounds v. Smith*, 430 U.S. 817, 825 (1977)); *see also Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006) (limited access to prison library not warrant equitable tolling). Similarly, petitioner has not demonstrated how many of the 72 days of lockdown during 2008 occurred during the limitations period or that he was unable to timely file a federal habeas petition given the lockdowns. *See, e.g., Mejia v. Pliler*, No. C 00-2316, 2001 WL 125307, *3 (N.D. Cal. Feb. 13, 2001) ("The court cannot arbitrarily pick a number of days or weeks to toll based on some generalized problem or difficulty a petitioner has encountered. Rather, equitable tolling depends on a specific showing by a petitioner that a particular problem prevented him from meeting the deadline for a particular amount of time."); *accord Hizbullahankhamon v. Walker*, 105 F.Supp.2d 339, 344 (S.D.N.Y. 2000) ("When a prisoner has had plenty of time to file his petition, he cannot ask for

5

the remedy of equitable tolling to obtain extra time. A petitioner must show he was diligent in pursuing his remedies not only during the equitably tolled period, but also during any period prior to that when he was eligible to file his petition.") (internal quotation omitted).

9. Intermittent lockdowns and mail delays are ordinary and expected incidents of prison life. "[A] prisoner may not rely on 'expected, albeit unpredictable' delays associated with prison life in seeking equitable tolling . . . ." *Ruiz v. Herrea*, No. 99 C 3572, 2000 WL 1273448, *5 (N.D. Ill. Sept. 6, 2000) (quoting *Casas v. United States*, 88 F.Supp.2d 858, 861 (N.D. Ill. 1999)); *see also Posada v. Schomig*, 64 F.Supp.2d 790, 796 (C.D. Ill. 1999) ("Petitioner's fairly 'run-of-the-mill' claims that he was misled by his appellate counsel and that the prison was sometimes on lock-down do not establish 'extraordinary circumstances' justifying equitable tolling.").

10. Finally, petitioner argues that his untimeliness should be excused in light of respondent's alleged untimely filing. This argument fails for two reasons. First, his allegation concerning respondent's untimeliness is not supported by the record. (Doc. 17 at 4). Respondent filed a motion for extension of time on April 22, 2008 that was granted by this Court on April 29, 2008. (Docs. 9, 12). Following the motion, respondent had until June 4, 2008 to file a responsive pleading. (Doc. 12). Respondent filed a motion to dismiss and exhibits on June 3, 2008. (Docs. 14, 16). As explained in the motion, respondent's request was in good faith and not for purpose of delay,

6

as he was unable to file a responsive pleading prior to obtaining the relevant documents from the state-court record. Second, Congress circumscribed judicial discretion concerning time limits in enacting § 2244(d)(2)'s limitations period. *See, e.g., Escamilla v. Jungwirth*, 426 F.3d 868, 872 (7th Cir. 2005) ("Although the statute leaves some (limited) room for equitable tolling, courts cannot alter the rules laid down in the text") (internal citations omitted). This Court's discretion to permit extensions of time once an action is timely filed is not subject to the same limitation. *See* Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires"); *see also. e.g., Spears v. City of Indianapolis*, 74 F.3d 153, 156 (7th Cir. 1996) (Rule 6(b)(1) gives district court discretion to grant or deny request for additional time to file pleading).

11.　In conclusion, even with the benefit of the statutory tolling rules, petitioner's habeas petition is untimely by 19 days. Petitioner is not entitled to equitable tolling because he has not diligently pursued his rights and no extraordinary circumstance prevented timely filing. And this Court did not abuse its discretion in granting respondent's timely motion for an extension of time because that motion was made in good faith and was necessary to obtain the state-court documents relevant to petitioner's case. Accordingly, this Court should dismiss the instant petition with prejudice.

## **CONCLUSION**

This Court should dismiss the instant petition with prejudice and deny petitioner's motion for summary judgment. If the Court determines that petitioner's habeas petition is not time-barred under AEDPA, respondent respectfully requests 30 days from the Court's order denying this motion to address the merits and/or the procedural defaults of petitioner's claims in a subsequent submission.

August 13, 2008                                Respectfully submitted,

                                               LISA MADIGAN
                                               Attorney General of Illinois

                                        By:    s/Eric W. Truett
                                               ERIC W. TRUETT, Bar # 6291213
                                               Assistant Attorney General
                                               100 W. Randolph Street, 12th Floor
                                               Chicago, Illinois 60601-3218
                                               PHONE: (312) 814-4684
                                               FAX: (312) 814-2253
                                               E-MAIL: etruett@atg.state.il.us

CERTIFICATE OF SERVICE

      I hereby certify than on August 13, 2008, I electronically filed respondent's **REPLY IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, and on the same day mailed a copy of this reply via the United States Postal Service to the following non-CMECF user:

Contrell Plummer
No. B14235
Menard Correctional Center
711 Kaskaskia Street
P.O. Box 711
Menard, IL 62259

                        Respectfully submitted,

                        LISA MADIGAN
                        Attorney General of Illinois

By:   s/Eric W. Truett
      ERIC W. TRUETT, Bar # 6291213
      Assistant Attorney General
      100 W. Randolph Street, 12th Floor
      Chicago, Illinois 60601-3218
      PHONE: (312) 814-4684
      FAX: (312) 814-2253
      E-MAIL: etruett@atg.state.il.us