IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ex rel. CONTRELL PLUMMER, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> DONALD GAETZ,[1] Warden, Menard ) <br> Correctional Center, ) <br> ) <br> Respondent. ) | No. 08 C 1885 <br><br> Judge Joan H. Lefkow |

## MEMORANDUM OPINION AND ORDER

Contrell Plummer, who is currently incarcerated at Menard Correctional Center, has filed a pro se petition for writ of habeas corpus based on violation of his rights under the Sixth and Fourteenth Amendments of the Constitution. Plummer asserts five particular grounds for relief: (1) ineffective assistance of trial counsel; (2) ineffective assistance of counsel on his direct appeal; (3) the trial court exceeded the limits of its jurisdiction when it convicted him of murder without proof beyond a reasonable doubt of his intent; (4) his confession was obtained through false pretenses or bribery; and (5) he was unlawfully sentenced under a statute not in effect at the time he committed the offense for which he was sentenced.

Before the court is respondent's motion to dismiss the petition under 28 U.S.C. § 2244(d)(1)(A) and to deny Plummer's motion for summary judgment. For the following reasons, the motion [#14] will be granted.

---

[1] The original respondent in this case was Don Hulick. However, as Donald Gaetz has replaced Hulick as the warden of Menard Correctional Center, Gaetz has been substituted as the proper party respondent. *See* Rule 2(a) of the Rules Governing § 2254 Cases in the United States District Court; Fed. R. Civ. P. 25(d).

# BACKGROUND

Following a bench trial, Plummer and his co-defendant, Stanley Thomas, were convicted of knowing first degree murder, felony murder, and aggravated discharge of a firearm. Plummer was sentenced to serve 55 years imprisonment, which was later reduced to a 40-year term. Plummer appealed his conviction, and the Illinois Appellate Court affirmed on March 31, 2004. Plummer then filed a pro se petition for leave to appeal (PLA), which the Illinois Supreme Court denied on October 6, 2004. Plummer did not seek review in the United States Supreme Court.

On March 15, 2005, Plummer filed a pro se petition for post-conviction relief in the Circuit Court of Cook County pursuant to 725 Ill. Comp. Stat. 5/122 *et seq.* On April 22, 2005, the state trial court dismissed the post-conviction petition.

Plummer did not file a timely notice of appeal as to the denial of the post-conviction petition within the thirty days allotted under Ill. S. Ct. R. 303(a)(1). On September 23, 2005, Plummer submitted to the Illinois Appellate Court a "Late Notice of Appeal" along with an affidavit asserting a number of reasons why the state appellate court should excuse his untimely filing. In an order dated November 1, 2005, the state appellate court re-characterized Plummer's "Late Notice of Appeal" pleading as a motion for leave to file a late notice of appeal and denied the motion. On October 12, 2005, prior to the denial of his "Late Notice of Appeal" pleading, Plummer submitted a "Motion for Leave to File a Late Notice of Appeal" to the Illinois Appellate Court. The Illinois Appellate Court granted that motion on December 16, 2005 and affirmed the lower court's ruling on May 30, 2006. Plummer filed a PLA, which was denied by the Illinois Supreme Court on September 26, 2007.

Plummer dated the instant federal habeas petition March 15, 2008, and it was received by the clerk of this court on April 2, 2008. A document entitled "Notice and Proof of Service" that Plummer submitted along with his petition, however, is signed and dated March 26, 2008.

## DISCUSSION

Federal law imposes a one-year statute of limitations on habeas corpus petitions filed under 28 U.S.C. § 2254. Section 2244(d)(1) provides that the limitations period runs from the latest of four possible dates: (A) the date the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date the impediment to filing an application created by state action in violation of federal law is removed, if the applicant was prevented from filing by such state action; (C) the date the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date the factual predicate of the claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)–(D).

Respondent argues that only § 2244(d)(1)(A) is applicable and that Plummer filed his federal habeas petition after the expiration of the one-year period under that provision. The Illinois Supreme Court denied Plummer's PLA with respect to his direct appeal on October 6, 2004, and the time during which he could have petitioned the United States Supreme Court for a writ of certiorari expired on January 4, 2005. On that date, respondent contends, the statute of limitations began to run. *See Anderson* v. *Litscher*, 281 F.3d 672, 675 (7th Cir. 2002) ("[T]he ninety day period during which a petition for certiorari may be filed by a state prisoner falls

3

within the meaning of section 2244(d)(1)(A) for purposes of calculating when the statute of limitations begins to run.").

Seventy days later, on March 15, 2005, Plummer filed a petition for post-conviction relief with the state trial court, thereby tolling the statute of limitations. *See* 28 U.S.C. § 2244 ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ."). The post-conviction petition was denied on April 22, 2005, and Plummer failed to file a timely notice of appeal by May 22, 2005, at which point, respondent contends, the clock began to run again.

Respondent assumes for the purposes of this motion that the limitations period was tolled again on October 12, 2005, when Plummer filed his "Motion for Leave to File a Late Notice of Appeal." Thus, respondent contends, the 143 days between May 22, 2005 and October 12, 2005 should be counted against the limitations period.[2]

Respondent concedes that the statute of limitations would be tolled from October 12, 2005 until the Illinois Supreme Court denied his post-conviction PLA on September 26, 2007. According to the respondent, the statute of limitations was running during the period between September 26, 2007 and the date that petitioner filed the instant federal habeas petition. Because

---

[2] The Seventh Circuit has stated that "if a state court accepts and entertains [a state post-conviction petition] on the merits it has been 'properly filed' but that if the state court rejects it as procedurally irregular it has not been 'properly filed'" for purposes of § 2244(d). *Fernandez* v. *Sternes*, 227 F.3d 977, 978 (7th Cir. 2000) (citing *Freeman* v. *Page*, 208 F.3d 572 (7th Cir. 2000)). Thus, because the Illinois Appellate Court construed the "Late Notice of Appeal" which Plummer filed on September 23, 2005 as a motion for leave to file a late notice of appeal and denied it without addressing the merits of Plummer's appeal, that pleading was not "properly filed" for purposes of § 2244(d) and would not toll the statute of limitations.

4

the "Notice and Proof of Service" that Plummer submitted along with his federal habeas petition was signed and dated March 26, 2008, the court assumes that is the earliest date on which Plummer could have mailed the petition. Thus, for purposes of this motion, March 26, 2008 is the date on which the court will consider the petition to have been filed.[3] *See Jones* v. *Bertrand*, 171 F.3d 499, 502 (7th Cir. 1999) (extending to pro se habeas petitions the "mailbox rule," under which papers are considered filed when given to prison officials).

Adding the 182 days that elapsed between September 26, 2007 and March 26, 2008 to the previous 70 and 143 day periods during which the clock was running yields a total of 395 days. Thus, if § 2244(d)(1)(A) is applicable as respondent contends, Plummer filed his federal habeas petition no sooner than 30 days after the expiration of the limitations period.

In his response, Plummer argues that the federal "mailbox rule" applies to the date of filing of his state post-conviction petition. The Seventh Circuit has made clear, however, that "whether a petition is 'properly filed' depends on state law," *Fernandez* v. *Sternes*, 227 F.3d 977, 978 (7th Cir. 2000), and petitioner has cited no authority indicating that the federal mailbox rule governs whether or when a state post-conviction petition was "properly filed" in state court.

Plummer also argues that he is entitled to equitable tolling because Menard Correctional Center, where he is currently incarcerated, was subjected to "Level One deadlock" for 86 days in 2007 and 72 days in 2008, during which days he had no access to the prison law library or to photocopying or document services. Under certain circumstances, the § 2244(d) limitations period may be subject to equitable tolling. To be entitled to equitable tolling, a habeas petitioner

---

[3] Although respondent makes some calculations based on a filing date of March 15, 2008, *e.g.*, Mot. to Dismiss at 8, he maintains that the petition was filed on March 26, 2008, not March 15, 2008. *Id.* at 4.

must show (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Lawrence* v. *Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007) (citing *Pace* v. *DiGuglielmo*, 544 U.S. 408, 417, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)).[4]

Plummer has not specified, however, which particular days in 2007 and 2008 Menard was on "Level One deadlock," nor whether any of these days occurred during the period between September 26, 2007 and March 26, 2008, when the statute of limitations otherwise would have been running. Plummer has likewise failed to indicate whether, or to what extent, such "Level One deadlock" prevented him from filing his federal habeas petition on time. If, for example, Menard was not on "Level One deadlock" for a majority of the days between September 26, 2007 and March 26, 2008, then such conditions would not have substantially impaired him from filing his petition on time.[5] *See, e.g.*, *Allen* v. *Lewis*, 255 F.3d 798, 800 (9th Cir. 2001) (per curiam) ("[A]t the very least, the prisoner must show that the 'extraordinary circumstances' were the but-for and proximate cause of his untimeliness.") (citing *Valverde* v. *Stinson*, 224 F.3d 129, 134 (2d Cir. 2000); *Marsh* v. *Soares*, 223 F.3d 1217, 1221 (10th Cir. 2000)). Having failed to show that some extraordinary circumstance prevented timely filing, Plummer is not entitled to equitable tolling.

---

[4] The Supreme Court did not address in *Lawrence* the issue of whether equitable tolling is allowed under § 2244(d). 549 U.S. at 336. Rather, the Court assumed that equitable tolling is available because the parties in that case agreed that it was available.

[5] Plummer asserts that as of the date of filing of his response memorandum on June 8, 2008, Menard had been on "Level One deadlock" for 72 days. Thus, for a majority—87—of the first 159 days in 2008, Menard was not on "Level One deadlock."

Finally, Plummer argues that "it would be 'anomalous'" for the court to hold that his petition was untimely when the respondent failed to answer or otherwise plead to the petition by May 5, 2008, as the court had ordered. The docket in this case, however, indicates that respondent filed a timely motion for extension of time to answer or otherwise plead to the motion, the court granted an extension of time to June 4, 2008, and respondent subsequently filed a timely motion to dismiss on June 3, 2008. Moreover, whereas § 2244(d)(2) narrowly circumscribes the court's discretion concerning time limits for habeas petitions, *see, e.g.*, *Escamilla* v. *Jungwirth*, 426 F.3d 868, 872 (7th Cir. 2005) ("Although the statute leaves some (limited) room for equitable tolling, courts cannot alter the rules laid down in the text.") (citation omitted), the Federal Rules of Civil Procedure afford the court substantial discretion to permit extensions of time once an action has been timely filed. *See* Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . .").

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss Plummer's petition and to deny Plummer's motion for summary judgment [#14] is granted. Case is terminated.

Dated: February 23, 2008              Enter:_____
                                             JOAN HUMPHREY LEFKOW
                                             United States District Judge

7